BARBER ASPHALT PAVING COMPANY AND ANDREW J. CASE, PROSECUTORS, v. THE INHABITANTS OF THE CITY OF TRENTON ET AL.

Submitted November 7, 1906—Decided February 25, 1907.

1. Under a charter provision requiring contracts for municipal work to be awarded to the lowest bidder "who shall give satisfactory proof of his ability to furnish the requisite materials and perform the work properly," a person seeking a contract with the city must not only underbid his competitors, and be, in fact, able to perform the contract, but must also satisfy the municipal authorities of his ability to perform.

2. A writ of *certiorari* will issue at the suit of a taxpayer and abutting landowner to review the award by a city of a contract for street paving to a bidder whose bid failed to conform in material particulars to the specifications under which the bids were offered.

On rule to show cause why a writ of *certiorari* should not issue.

Before Justices HENDRICKSON, SWAYZE and TRENCHARD.

For the prosecutors, *Robert H. McCarter.*

For the respondent the inhabitants of the city of Trenton, *Charles E. Bird.*

For the respondent William F. McGovern, *Benjamin Godshalk.*

The opinion of the court was delivered by

TRENCHARD, J.   This is a rule to show cause why a writ of *certiorari* should not issue.

The rule was obtained by the Barber Asphalt Paving Company and Andrew J. Case, and is directed to the inhabitants of the city of Trenton and William F. McGovern.

The prosecutors desire to review an award of a street paving contract by the inhabitants of the city of Trenton to William F. McGovern, on September 18th, 1906.

The charter of the city of Trenton (*Pamph. L.* 1874, *p.* 385, § 107) contains the following provision:

"And be it enacted, that all contracts for doing work, furnishing materials for any improvement provided under this act, extending in amount to two hundred dollars,   *   *   * shall at all times be given to the lowest bidder or bidders, who shall give satisfactory proof of his or their ability to furnish the requisite materials and perform the work properly and offer sufficient security for the faithful performance of the contract in regard to time, quality of material and work to be done."

That the contract in question is one which falls within the purview of this section is conceded.

The Barber Asphalt Paving Company was the lowest bidder for the paving awarded by the contract in question, but failed, as we think, to "give satisfactory proof" of its ability to perform the contract as the charter required.

Before the contract was awarded the Barber company was notified to appear before the street committee "in order that you may be given a hearing as to your responsibility for the faithful performance of this contract in strict accordance with the specifications."

In response to that notice the representative of the company appeared before the committee, and, after hearing, the committee found, apparently in good faith, that the company had failed to give such satisfactory proof of its ability to do the work for the reason that their work on other streets had not been satisfactory, and so reported to common council. Council later awarded the contract to McGovern.

Under a charter provision requiring contracts for municipal work to be awarded to the lowest bidder "who shall give satisfactory proof of his ability to furnish the requisite materials and perform the work properly," a person seeking a contract with the city must not only underbid his competitors, and be, in fact, able to perform the contract, but must also satisfy the municipal authorities of his ability to perform. *Wilson* v. *Trenton,* 31 *Vroom* 395.

It is probably true that the Barber company was entitled to be heard before common council, but it seems to have made no effort in this direction. On the contrary, its representative seems to have abandoned the effort, because he imagined the result was a foregone conclusion. Moreover, this is not assigned as a reason for allowing the writ.

No writ should be allowed the Barber Asphalt Paving Company.

But Andrew J. Case, the other prosecutor, is in a different position. He is a taxpayer and an abutting landowner on the streets to be paved under the contract in question.

Sections 3 and 4 of the specifications under which these bids were offered required the submission of a formula by the bidder of the wearing surface, and the proportions of each of its ingredients, a description of the properties of the asphalt, designating the locality it is from, where asphalt of the same quality as sample has been used for street paving, and the length of time that pavements laid with materials of the same

quality as sample have been down, and the proportion of the several ingredients in the wearing surface of each street pavement that may be given as reference.

The evidence shows, as we think, that McGovern failed to furnish the formula, the proportion of the ingredients, the description of properties of the asphalt and the samples required by the specification.

Under these circumstances a taxpayer and abutting landowner is entitled to review, by writ of *certiorari,* the award of the contract in question.

Let the writ be allowed Andrew J. Case.